UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

HAGAN MONTANA INVESTMENTS LLC )
                                            )
and                                       )
                                            )
J. SCOTT HAGAN                    )
                                            )
          *Plaintiffs*            )
                                            )   Civil Action No. _3:20CV-204-JRW____
v.                                         )
                                            )
ASTON MARTIN LAGONDA LIMITED )
Banbury Road                    )
Gaydon, Warwick          )
CV350DB England          )
   Serve:                     )
   CT Corporation System    )
   818 West Seventh Street, Suite 930    )
   Los Angeles, California 90017    )
                                              )
and                                       )
                                            )
ASTON MARTIN LAGONDA OF NORTH )
AMERICA, INC.                   )
9920 Irvine Center Drive         )
Irvine, California 92618          )
   Serve:                     )
   CT Corporation System    )
   818 West Seventh Street, Suite 930    )
   Los Angeles, California 90017    )
                                              )
and                                       )
                                            )
TLC OF FRANKLIN, INC.         )
d/b/a Aston Martin Nashville      )
d/b/a Carlock Motorcars Nashville      )
1599 Mallory Lane            )
Brentwood, Tennessee 37027-2895      )

1

Serve:                                          )
James W. Cameron III                            )
Cameron Worley P.C.                             )
112 Westwood Place, Suite 240                   )
Brentwood, Tennessee 37027-5378                 )
                                                )
        *Defendants*                            )
_____)

## COMPLAINT

Come the Plaintiffs, Hagan Montana Investments LLC and J. Scott Hagan, by counsel, and for their complaint herein, state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the property that is the subject of this action is ordinarily situated in this judicial district, and because the Defendants are subject to the Court's jurisdiction with respect to this action.

### PARTIES

3.      Plaintiff Hagan Montana Investments LLC ("Hagan Montana") is a limited liability company organized under the laws of, and has its principal place of business in, the State of Montana. Hagan Montana's sole member is Continuum Trust U/T/D October 27, 2008, a Delaware trust.

4.      Plaintiff J. Scott Hagan ("Hagan") is an individual resident and citizen of the Commonwealth of Kentucky.

5.      Defendant Aston Martin Lagonda Limited ("Aston Martin Ltd.") is incorporated under the laws of, and has its principal place of business in, the United Kingdom. As such, Aston Martin Ltd. is a corporate citizen of the United Kingdom. Aston Martin Ltd. has appointed as its agent for service of process CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles California 90017. Aston Martin Ltd. is the manufacturer of Aston Martin motor vehicles.

6.      Defendant Aston Martin Lagonda of North America, Inc. ("Aston Martin NA") is a corporation incorporated under the laws of the State of Connecticut and has its principal place of business in the State of California. As such, Aston Martin NA is a corporate citizen of the States of Connecticut and California. Aston Martin NA has appointed as its agent for service of process CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles California 90017. Aston Martin NA is a distributor of Aston Martin motor vehicles, including motor vehicles sold in the United States.

7.      Defendant TLC of Franklin, Inc. ("TLC") is a corporation incorporated under the laws of, and has its principal place of business in, the State of Tennessee. As such, TLC is a corporate citizen of the State of Tennessee. TLC has appointed as its agent for service of process James W. Cameron III, Cameron Worley, P.C., 112 Westwood Place, Suite 240, Brentwood, Tennessee 37027. TLC is a certified dealer of Aston Martin motor vehicles, and also is in the business of servicing Aston Martin motor vehicles.

FACTUAL ALLEGATIONS

8.      Hagan Montana is the title owner of a certain motor vehicle, a 2015 Aston Martin Vanquish, VIN no. SCFLMCFU3FGJ02410 (the "Vehicle"). The Vehicle is for the exclusive use of Hagan and is customarily garaged in Kentucky at Hagan's residence.

9.      The Vehicle was purchased by Hagan Montana in May 2015 from an Aston Martin dealership in Ohio, Midwestern Auto Group. The purchase price was $320,000.00.

10.     The Vehicle was manufactured by Aston Martin Ltd. and distributed by Aston Martin NA.

11.     The Defendants and/or the dealer warranted to Hagan that the Vehicle was in good mechanical condition, was fit for the purpose for which it was intended and was built of a superior quality and in conformity with all applicable governmental rules and regulations.

12.     Beginning in 2019, when Hagan would attempt to start the Vehicle, the Vehicle would shut off immediately. At that time, the Vehicle was still a low-mileage vehicle, having been driven barely 22,000 miles.

13.     The Defendants arranged for TLC to pick up the Vehicle from Hagan's place of business in Louisville, Kentucky. After Midwestern Auto Group's dealership license to sell Aston Martin vehicles was revoked, TLC was the closest Aston Martin dealer to the vehicle's location in Kentucky. TLC picked up the Vehicle and took it to its facility in Brentwood, Tennessee to be repaired on or about September 19, 2019.

14.     TLC returned the Vehicle to Hagan in Kentucky on or about October 28, 2019 and warranted that the Vehicle had been repaired.

15.     After the Vehicle was returned to Hagan, he attempted to start it. The Vehicle would not start.

16.     The Defendants again arranged for TLC to pick up the Vehicle in Kentucky and take it to its Tennessee facility to be repaired. TLC picked up the Vehicle for the second time on or about January 29, 2020.

17.     To date, TLC has not returned the Vehicle to Hagan. TLC has had the Vehicle in its possession continuously since January 29, 2020.

18.     To date, despite assurances from TLC and/or the other Defendants that it would be repaired and made drivable again, the Vehicle has not been repaired.

19.     Hagan has been unable to start or drive the Vehicle, from the time it was picked up by TLC in September 2019 to the present. Further, the Plaintiffs have paid for costs of repairs that have failed to fix the Vehicle or otherwise make it operable.

<u>COUNT ONE</u>
<u>BREACH OF CONTRACT</u>
<u>(ASTON MARTIN LTD. AND ASTON MARTIN NA)</u>

20.     The Plaintiffs incorporate herein by reference paragraphs 1 through 19, inclusive, of this complaint, as if stated in their entirety at this point.

21.     The Plaintiffs and Defendants Aston Martin Ltd. and Aston Martin NA, themselves or through their agents, including the dealership, entered into an enforceable contract wherein Plaintiffs agreed to pay the dealership to provide to them a functioning motor vehicle.

22.     As a part of the contract, Defendants Aston Martin Ltd. and Aston Martin NA warranted that the Vehicle would be free of defects in materials or workmanship, and that it would live up to customer's expectations regarding its operation.

23.     The Plaintiffs performed under the contract by paying the full purchase price for the Vehicle.

24.     Defendants Aston Martin Ltd. and Aston Martin NA were unable to produce a vehicle that worked, worked consistently, or met the Plaintiffs' expectations under the contract after September 19, 2019.

25.     Defendants Aston Martin Ltd. and Aston Martin NA, therefore, breached the contract.

26.     As a direct and proximate result of the breach of contract by Defendants Aston Martin Ltd. and Aston Martin NA, both jointly and severally, the Plaintiffs have incurred damages in excess of the jurisdictional requirements of this Court and as the proof will show, and as alleged by the facts herein.

COUNT TWO
BREACH OF WARRANTY OF MERCHANTABILITY
(ASTON MARTIN LTD. AND ASTON MARTIN NA)

27.     The Plaintiffs incorporate herein by reference paragraphs 1 through 26, inclusive, of this complaint, as if stated in their entirety at this point.

28.     Defendants Aston Martin Ltd. and Aston Martin NA gave an implied warranty that the Vehicle would be merchantable and fit for the purposes for which such goods are used.

29.    Defendants Aston Martin Ltd. and Aston Martin NA, both jointly and severally, breached the warranty of merchantability.

30.    As a direct and proximate result of the breach of warranty of merchantability herein by Defendants Aston Martin Ltd. and Aston Martin NA, both jointly and severally, the Plaintiffs have incurred damages well in excess of the jurisdictional requirements of this Court.

COUNT THREE<br>
BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE<br>
(ASTON MARTIN LTD. AND ASTON MARTIN NA)

31.    The Plaintiffs incorporate herein by reference paragraphs 1 through 30, inclusive, of this complaint, as if stated in their entirety at this point.

32.    Defendants Aston Martin Ltd. and Aston Martin NA knew specifically, or had reason to know at the time of contracting, the particular purpose for which the Vehicle was to be used and that the Plaintiffs were relying on the Defendants' skill or judgment, or the skill and judgment of the Defendants' agent, to select or furnish suitable goods to the Plaintiffs.

33.    Defendants Aston Martin Ltd. and Aston Martin NA, both jointly and severally, breached the warranty of fitness for a particular purpose in failing to provide a motor vehicle that met the specifications required for its particular purpose.

34.    As a direct and proximate result of the breach of warranty for a particular purpose herein by Defendants Aston Martin Ltd. and Aston Martin NA, both jointly and severally, the Plaintiffs have incurred damages well in excess of the jurisdictional requirements of this Court.

<u>COUNT FOUR</u>
<u>DUTY TO REPAIR OR REPLACE DEFECTIVE VEHICLE</u>
<u>(ASTON MARTIN LTD. AND ASTON MARTIN NA)</u>

35.     The Plaintiffs incorporate herein by reference paragraphs 1 through 34, inclusive, of this complaint, as if stated in their entirety at this point.

36.     The Vehicle, as sold to the Plaintiffs and as warranted by Defendants Aston Martin Ltd. and Aston Martin NA, is defective or in such condition that its use and value to the Plaintiffs is impaired and fails to conform to the Defendants' warranties.

37.     To date, the Defendants, despite having had reasonable opportunity to do so, have failed to repair the Vehicle or otherwise make it operable.

38.     If unable to make suitable repairs to the Vehicle, applicable law requires Defendants Aston Martin Ltd. and Aston Martin NA either to replace the Vehicle with another motor vehicle acceptable to the Plaintiffs or to accept the return of the Vehicle and reimburse the Plaintiffs for both the full purchase price and other incidental damages. See, e.g., Cal. Civil Code section 1793.22; Ky. Rev. Stat. sections 367.840 to 367-846; Ohio Rev. Code sections 1345.71 to 1345.78; Tenn. Code sections 55-24-101 to 55-24-112.

39.     Accordingly, Defendants Aston Martin Ltd. and Aston Martin NA should be ordered to replace the Vehicle with another motor vehicle acceptable to the Plaintiffs.

40.     In the alternative, Defendants Aston Martin Ltd. and Aston Martin NA should be ordered to accept the return of the Vehicle and reimburse the Plaintiffs for both the full purchase price and other incidental damages they have incurred.

41.     Further, the foregoing statutes entitle the Plaintiffs to recover their costs and attorney's fees in this action.

<u>COUNT FOUR</u>
<u>NEGLIGENCE</u>
<u>(TLC)</u>

42.     The Plaintiffs incorporate herein by reference paragraphs 1 through 41, inclusive, of this complaint, as if stated in their entirety at this point.

43.     Defendant TLC had possession of the Vehicle for over a month in September and October 2019.

44.     Defendant TLC also has had possession of the Vehicle continuously since late January 2020.

45.     Defendant TLC has accepted money from the Plaintiffs to repair the Vehicle.

46.     However, to date, despite TLC's efforts, the Vehicle still has not been made operable.

47.     To the extent the failure to repair the Vehicle is not due to the design, manufacture, or distribution of the Vehicle by the other Defendants, it is caused by the failure of Defendant TLC to use the degree of care and skill reasonably expected of a dealer and repair shop that holds itself out as a licensed Aston Martin dealer specializing in high-performance, imported motor vehicles.

48.     The negligence of Defendant TLC has caused financial injury to the Plaintiffs, including both the cost already paid by the Plaintiffs for repairs, but also other incidental and consequential damages.

**WHEREFORE**, the Plaintiffs, Hagan Montana Investments LLC and J. Scott Hagan, by counsel, pray and demand as follows:

1.     For a judgment against the Defendants in such sum as the law and the

evidence will allow;

2.      For such compensatory, consequential, and incidental damages as may be allowed by law;

3.      For a jury trial on all issues so triable;

4.      For an award of attorney's fees, as may be allowed by law;

5.      For their costs herein expended; and

6.      For all other proper relief to which they may appear entitled.

Respectfully submitted,

/s/ Aaron J. Silletto
Aaron J. Silletto, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
asilletto@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 581-1344
*Counsel for Plaintiff*